UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER,<br>Petitioner,<br>v.<br>DEBORAH PATRICK, Warden<br>Respondent. | NO. EDCV 06-1406-SVW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Second Amended Petition; the Magistrate Judge's Report and Recommendation; the Objections filed by Petitioner on July 25, 2008; the Supplemental Objections filed by Petitioner on February 27, 2009; and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge.

Petitioner's Supplemental Objections argue that a jury instruction on implied malice was unconstitutional, that her trial counsel was ineffective for failing to object to the instruction and cite various United States Supreme Court cases, that harmless error does not apply to instructional error, and that the instructional error contributed to Petitioner's ground of cumulative error.

(Supplemental Objections at 1-3.)

Petitioner claims that the jury was instructed on "the 'mandatory presumptions of implied malice.'" (*Id.* at 1.) Petitioner does not cite to any jury instruction in support of her allegation. The Court has not located any jury instruction on implied malice that contains a presumption. (*See* Lodged Document 1 at 421-489.) With respect to implied malice, the jury was instructed:

> Malice is implied when:
> 1. The killing resulted from an intentional act,
> 2. The natural consequences of the act are dangerous to human life, and
> 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.

(*Id.* at 456.) In addition, the jury was instructed:

> Murder of the second degree is the unlawful killing of a human being when:
> 1. The killing resulted from an intentional act,
> 2. The natural consequences of the act are dangerous to human life, and
> 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.
>
> When the killing is the direct result of such an act, it is not necessary to prove that the defendant intended that the act would result in the death of a human being.

(*Id.* at 457.) These jury instructions have been upheld by the California Supreme Court. *See People v. Benitez*, 4 Cal. 4th 91, 104, 111, 13 Cal. Rptr. 2d 864 (1992).

The jury instructions above contain no presumption, mandatory or otherwise. Given the trial court did not give an unconstitutional jury instruction on implied malice, Petitioner's trial counsel was not ineffective for failing to object to

///

///

a non-existent instruction; harmless error does not arise;[1] and Petitioner's cumulative error ground is unaffected.

Petitioner's other objections are without merit.

IT IS HEREBY ORDERED that (1) the Report and Recommendation is adopted; and (2) Judgment be entered denying the Petition and dismissing the action with prejudice.

DATED: February 9, 2010

STEPHEN V. WILSON
United States District Judge

---

[1] Petitioner's contention that "harmless error cannot be applied to the above unconstitutional jury instructions regarding 'implied malice'" is incorrect. (Supplemental Objections at 2 (citing *Yates v. Evatt*, 500 U.S. 391, 111 S. Ct. 1884, 114 L. Ed. 2d 432 (1991), *disapproved in part by Estelle v. Mcguire*, 502 U.S. 62, 73 n.4, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)).) *Yates* found that South Carolina applied the incorrect harmless error standard. *Yates*, 500 U.S. at 406. The Supreme Court recently confirmed that instructional error is subject to harmless error analysis. *Hedgpeth v. Pulido*, 129 S. Ct. 530, 532 (2008) (per curiam).